UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SYLVIA GARCIA,

                            Plaintiff,

      -against-

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                           Defendant.

-------------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-3950 (FB)

*Appearances:*
*For the Plaintiff:*
JOEL M. GLUCK, ESQ.
80 Livingston Street
Brooklyn, NY 11201

*For the Defendant:*
LORETTA E. LYNCH, ESQ.
United States Attorney
CANDACE SCOTT APPLETON, ESQ.
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

        Plaintiff Sylvia Garcia seeks review of the final decision of the Commissioner of

Social Security ("Commissioner") denying her application for benefits under the Social

Security Act (the "Act"). Both parties move for judgment on the pleadings. For the reasons

set forth below, the Commissioner's decision is affirmed; accordingly, the Commissioner's

motion is granted and Garcia's complaint is dismissed.

**I**

        Garcia claims that she suffers from liver disease, cirrhosis, asthma, arthritis, high

blood pressure and impairments of the back, neck, hands, left elbow and left knee. She filed

an application for supplemental security income on September 5, 2006. After the Social

Security Administration denied her application, Garcia requested a hearing before an Administrative Law Judge ("ALJ").

Applying the familiar five-step process, the ALJ first found that Garcia had not engaged in substantial gainful activity since August 11, 2006.  Second, the ALJ found that Garcia suffers from medically determinable "severe impairments": alcoholic cirrhosis of the liver, asthma, gastroesophageal reflux disease ("GERD") and arthritis.  Third, the ALJ considered whether Garcia's impairments met the criteria listed in 20 CFR Part 404, Subpart P, Appendix and found that they did not.  The ALJ stated that Garcia's liver impairment "falls short of meeting listing 5.05 A or B" because, notwithstanding her two hospitalizations, "[t]he requirement. . . that the liver disease be chronic and apparent on evaluation at least 60 days apart and within a consecutive six month period is not satisfied.  Nor did the claimant require a blood transfusion secondary to hemorrhaging."  A.R. at 11.  Fourth, the ALJ determined that Garcia had the residual functional capacity ("RFC") to perform the full range of sedentary work, although "[d]ue to the claimant's asthma, she should avoid concentrated exposure to extreme temperatures, humidity, dust, chemicals, smoke and other respiratory irritants."  *Id.* at 12.

Finally, the ALJ found that there are jobs that exist in significant numbers in the national economy that Garcia can perform.  The ALJ relied upon the Medical-Vocational Guidelines contained in 20 CFR Part 404, Subpart P, Appendix 2– commonly referred to as "grids"– as a framework for her decision-making, rather than consulting a vocational expert. She found that based upon Garcia's age, education and previous work experience, Medical-

Vocational Rule 201.24 compelled a finding that Garcia was not disabled.

On August 11, 2008, the ALJ issued her decision concluding that Garcia is not disabled within the meaning of the Act.  On June 24, 2010, the Appeals Council denied her request for review, rendering the Commissioner's decision to deny benefits final.  Garcia timely sought judicial review.

## II

"In reviewing the final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004).  "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  While the plaintiff bears the burden of proof for the first four steps of the inquiry, at step five there is a "limited burden shift to the Commissioner" to "show that there is work in the national economy that the claimant can do." *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009).

Garcia challenges the Commissioner's decision on three grounds: (1) that the ALJ's evaluation of Garcia's RFC was not supported by substantial evidence because the ALJ "improperly discounted [Garcia's] credible testimony regarding fatigue and the medical report of her treating physician"[1]; (2) that the ALJ erred by not considering testimony from a

---

[1] Garcia does not contend that the ALJ violated the treating physician rule; instead she argues that the ALJ's interpretation of her treating physician's report was unreasonable.

vocational expert; and (3) that additional medical reports submitted to the Appeals Council, after the ALJ issued her decision, warrant remand.  Pl's Mem. of Law at 13.  The Court addresses each of these arguments in turn.

**A. Substantial Evidence**

Garcia's claim that there is no substantial evidence to support the ALJ's decision is based upon her argument that the ALJ ignored evidence of Garcia's subjective complaints of joint pain and fatigue.  There is a two-step inquiry to evaluate the credibility of subjective complaints.  *See* 20 C.F.R. § 404.1529(c).  First, the ALJ must determine whether the medical signs or laboratory findings show that the claimant has a medically determinable impairment or impairments that could reasonably be expected to produce the claimant's symptoms.  20 C.F.R. § 404.1529(c)(1).  Second, the ALJ must evaluate the intensity, persistence and limiting effects of the claimant's symptoms, which requires the ALJ to make a credibility finding based on the entire record.  20 C.F.R. § 404.1529(c)(1)-(4).

Contrary to Garcia's assertions, it is evident that the ALJ properly followed this two-step inquiry, basing her analysis on a reasonable interpretation of the full administrative record.  First, the ALJ determined that Garcia's impairment could reasonably be expected to produce her subjective complaints of pain and fatigue.  Second, however, the ALJ determined that the nature of Garcia's pain and fatigue did not preclude "a capacity for sedentary exertion."  A.R. at 14.  In making this determination, the ALJ considered the following.

The ALJ's decision refers to evidence of the extent to which Garcia's impairments, including her joint pain, asthma and fatigue, limited daily activities such as walking and standing.  It is also clear that the ALJ carefully reviewed Garcia's medical records,

4

including records of hospital visits and prescription medications.  The decision covers several pages reviewing Garcia's ailments and her treating physician's diagnosis.  Although the treating physician noted the presence of fatigue, stating that Garcia became fatigued after walking one city block, in the same report he stated that Garcia could sit with no limitation and stand or walk for up to six hours per day.  The consulting physician similarly concluded that Garcia's abilities were largely unrestricted.  The administrative record also shows that "apart from the two hospitalizations in late July 2006, the claimant has not undergone much subsequent treatment for liver disease," nor has she received recent treatment for the osteoarthritis in her hand and elbow.  A.R. at 14.  Garcia also testified at her hearing that she can manage basic tasks such as laundry, cooking and shopping.

Thus, the ALJ properly determined that Garcia could perform sedentary work, notwithstanding her subjective complaints of pain and fatigue.  *See Aponte v. Secretary, Dep't of Health & Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984) ("If the [Commissioner's] findings are supported by substantial evidence, the court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain.") (citations omitted).

**B. Medical Vocational Guidelines**

At step five, the burden shifted to the Commissioner to demonstrate whether Matta has the RFC to perform other work available in the national economy.  The Commissioner may meet his burden by resorting to the Medical-Vocational Guidelines, which take into account a claimant's RFC in conjunction with her age, education and work experience to determine whether she can engage in any substantial gainful work existing in the national economy.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).  Reliance upon the

5

grids is not appropriate, however, where the claimant's non-exertional impairments "significantly limit the range of work permitted by [her] exertional limitations." *Bapp v. Bowen*, 802 F.2d 601, 605 (2d Cir. 1986). "In these circumstances, the Commissioner must 'introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the economy which claimant can obtain and perform.'" *Rosa*, 168 F.3d at 78 (quoting *Bapp*, 802 F.2d at 603).

Garcia contends that she "presented several non-exertional impairments (pain, fatigue and avoidance of dust and temperature extremes) which considered singly and in combination should have compelled use of a vocational expert." Pl's Mem. of Law at 20. Non-exertional limitations are those that affect a claimant's ability to meet job demands other than strength demands (such as sitting, standing, walking and lifting), including "difficulty tolerating some physical feature(s) of certain work settings, e.g., you cannot tolerate dust or fumes." 20 C.F.R. § 416.969(a)(c)(v). Neither party disputes that Garcia's limitation– that she must avoid "extended exposure to respiratory irritants"– should be categorized as "non-exertional."

As the Court discussed above, the ALJ properly determined that Garcia's pain and fatigue did not interfere with her ability to perform sedentary work. Further, the "avoidance of dust and temperature extremes" non-exertional limitation did not obligate the ALJ to consider vocational expert testimony. As the Commissioner correctly asserts, this restriction would not preclude Garcia from taking on most sedentary work because the vast majority of jobs do not require employees to work in an environment with a high level of respiratory irritants. *See* SSR 85-15 ("Where a person has a medical restriction to avoid

excessive amounts of noise, dust, etc., the impact on the broad world of work would be minimal because most job environments do not involve great noise, amounts of dust, etc."). Consequently, the ALJ permissibly relied upon the grids in finding that Garcia is capable of performing work in the national economy. *See Calabrese v. Astrue*, 358 Fed. Appx. 274, 276 (2d Cir. 2009) ("In light of the ALJ's ultimate finding that [claimant's] additional non-exertional limitations had little or no effect on her occupational base of unskilled sedentary work, the ALJ did not err in using the grids") (internal quotation marks omitted).

## C. Additional Evidence

The Appeals Council considers new evidence if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b); *see Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996). When the Appeals Council concludes "that the ALJ's findings remained correct despite the new evidence" and denies review, as was the case here, that evidence becomes part of the administrative record reviewed by the district court. *See Perez*, 77 F.3d at 45-46. It is proper for the district court to remand the case for reconsideration in light of new evidence where the new evidence is "material," meaning that (1) it is "relevant to the claimant's condition during the time period for which benefits were denied," (2) it is "probative," and (3) there is "a reasonable possibility that the new evidence would have influenced the [Comissioner] to decide claimant's application differently." *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (internal quotation marks omitted). The Court's determination regarding the new evidence submitted by Garcia turns on the third element.

Garcia testified at her hearing before the ALJ that on April 28, 2008 she injured her neck, back and shoulder in a motor vehicle accident, and that two days later she fell down

in her home and injured herself further.  The administrative record was left open to permit Garcia to submit additional records as to these accidents prior to the ALJ issuing her decision. Although Garcia's attorney received a reminder to submit the documents, the ALJ did not receive any additional information by the set deadline.  Garcia does not explain why those documents were not submitted by the deadlines set by the ALJ.  Instead, Garcia provided the additional evidence to the Appeals Council, including chiropractor records and MRIs, which became part of the record on June 24, 2010.  The Appeals Council considered the new evidence and found that the information did not provide a basis for changing the ALJ's decision.  These records show that following the automobile accident Garcia suffered from pain in her neck and lower back; the MRIs also show a longstanding degenerative disc disease.  Garcia now contends that "[c]onsideration of these records compels reversal and remand."  Pl's Mem. of Law at 23.

There is no "reasonable possibility" that this new evidence would have caused the ALJ to decide the issue of Garcia's disability differently.  The ALJ was aware that Garcia suffered from persistent pain in her neck and back, and assessed Garcia's RFC in light of that impairment. Nothing in the new medical records demonstrates that Garcia's car accident and fall so worsened her condition that she could no longer perform sedentary work.  A doctor who examined Garcia in August 2008 acknowledged her back pain and stated that "[t]he patient has been encouraged to learn to live and function with some residual  pain and try to resume prior daily work activities as soon as possible."  A.R. at 220.  The chiropractor who treated Garcia after the accident noted that her condition responded favorably to treatment. *See* A.R. at 226, 249.  She was told to avoid heavy lifting, which is not required for sedentary

work, but there is nothing to suggest she could no longer sit, stand or walk, which are the only exertional requirements for sedentary work.  *See* A.R. at 208.  The new evidence does not countermand the ALJ's findings.

III

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings is granted, the final decision to deny benefits under the Act is affirmed, and Garcia's complaint is dismissed.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 5, 2011